UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TIMOTHY JOE HENSON                              CIVIL ACTION

VERSUS                                          NO. 06-0269

KATHLEEN BLANCO, ET AL                          SECTION "B"(5)

                    **REPORT AND RECOMMENDATION**

    Plaintiff, Timothy Joe Henson, is a prisoner currently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana. Henson filed this action, pursuant to 42 U.S.C. §1983, against Louisiana Governor Kathleen Blanco, the Louisiana Department of Public Safety and Corrections, Orleans Parish Criminal Sheriff Marlin Gusman and Orleans Parish Prison Warden Lecoure [sic]. Henson seeks to hold the above defendants liable for the alleged injuries he suffered due to the fact that he was not properly evacuated from Orleans Parish Prison before August 29, 2005, when Orleans Parish Prison flooded as a result of Hurricane Katrina.

    This matter is presently before the court as a result of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) on behalf of defendant, the Louisiana Department of Public

Safety and Corrections, as well as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)on behalf of defendant, Kathleen Blanco, the Governor of the State of Louisiana. For the following reasons, it is **HEREBY RECOMMENDED** that the instant motions to dismiss be **GRANTED**.

As the court explained in <u>Evans v. Department of Housing and Urban Development</u>, 2004 WL 179193, *2 (E.D. La. 2004) (quotation omitted):

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. <u>Hitt v. City of Pasadena</u>, 561 F.2d 606, 608 (5th Cir.1977) (<u>per</u> <u>curiam</u>). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. <u>Id.</u> The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction. <u>Id.</u>
> A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. <u>Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir.1998).

With respect to a Rule 12(b)(6) motion to dismiss, the <u>Evans</u> court informed:

> The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

> in support of his claim which would entitle him to relief." Home Builders, 143 F.3d at 1010, citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).... Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true." Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. Hitt, 561 F.2d at 608. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts" Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir.1994).

Evans, 2004 WL at *3 (quotation omitted).

In accordance with the above, the court, first considering the validity of the pending Rule 12(b)(1) motion to dismiss, finds that the Louisiana Department of Public Safety and Corrections is entitled to such a dismissal. Further, Governor Blanco, in her official capacity, is likewise entitled to a dismissal under Rule 12(b)(1). Both are immune from liability under the doctrine of sovereign immunity as set forth in the Eleventh Amendment of the Constitution. See Evans, supra; see also Champagne v. Jefferson

3

Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999).

Governor Blanco, in her individual capacity, is entitled to a dismissal under Rule 12(b)(6) due to her lack of any personal involvement in the evacuation of, or the failure to evacuate, prisoners from Orleans Parish Prison. See Evans, supra; see also Champagne, 188 F.3d at 314.  It is well-established that a supervisory official cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated plaintiff's constitutional rights.  See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).  A state actor may be liable under §1983 only if he or she "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).  In an affidavit (rec. doc. #17)filed in opposition to defendants' motions to dismiss, Henson admits that he seeks to hold defendants liable not because he believes they played any role in the decision-making process regarding the evacuation of Orleans Parish Prison inmates, but rather, because he believes "defendants is [sic] responsible for

4

all preson[s] [sic] of this state [and] also detainees in parsih [sic] jails".

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the instant action be dismissed with prejudice as to Governor Kathleen Blanco and the Louisiana Department of Safety and Corrections. See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   24th   day of    July   , 2006.

```
                              Alma L. Chasez
                           _____
                              ALMA L. CHASEZ
                         UNITED STATES MAGISTRATE JUDGE
```