## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TIMOTHY JOE HENSON                           CIVIL ACTION

VERSUS                                       NO. 06-0269

KATHLEEN BLANCO, ET AL                       SECTION: B

### ORDER AND REASONS

Petitioner, a state court prisoner, requests monetary relief under 42 U.S.C. § 1983. For the following reasons, **IT IS ORDERED** that Petitioner's motion (Rec. Doc. No. 1) is hereby **DENIED**. Accordingly, the report and recommendation of the United States Magistrate Judge is adopted.

### BACKGROUND

Petitioner seeks to hold the Governor of Louisiana and the Louisiana Department of Public Safety and Corrections liable for the alleged injuries he suffered because he was not evacuated from the Orleans Parish Prison before August 29, 2005, when the Orleans Parish Prison flooded as a result of Hurricane Katrina.

### LAW AND ANALYSIS

Henson's petition fails to state a claim for which relief may be granted. The Fifth Circuit has held that a district court should only dismiss a case pursuant to a 12(b)(6) motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370,

375 (5th Cir. 2005)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The complaint is also to be "liberally construed in favor of the plaintiff, and all-well pleaded facts accepted as true." *Id.* at 375 (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). A 12(b)(6) motion may not be granted if the complaint states any valid claim for relief. *See Hughes v. Tobacco Inst. Inc.*, 278 F.3d 417. 420 (5th Cir. 2001).

The Fifth Circuit has consistently found that a state official may not be held liable under § 1983 unless they had personal involvement in the alleged constitutional violation. *See Champagne*, 188 F.3d at 314; *see also Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Pursuant to § 1983, a suit may not be brought against someone acting in their official capacity as a state official, because they are not considered a "person" for the purposes of the statute; however, they are considered to be a part of the state since judgment against them will be paid from state funds. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *see also Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985).* However, the Eleventh Amendment to the United States Constitution bars any action for monetary damages brought by a private citizen against a state. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *see also Champagne v. Jefferson Parish*

*Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999); *see also Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1999).

Here, the plaintiff fails to state a claim for which relief can be granted, and his claim is barred by the Eleventh Amendment. The plaintiff fails to state that Governor Blanco, in her individual capacity, had any personal involvement with the alleged violation of his constitutional rights. Instead, the plaintiff seeks to hold her liable because he feels that she was ultimately responsible for his well-being. While Governor Blanco's decision may be questioned, she cannot be held liable in her individual or official capacity for monetary relief pursuant to a § 1983 action. Since claims for monetary relief are barred by the Eleventh Amendment and both defendants are treated as state entities for the purpose of a § 1983 action, Henson is unable to assert any facts that would entitle him to relief.

Accordingly, the Louisiana Department of Public Safety and Governor Blanco are both entitled to dismissal of the §1983 claim pursuant to Rule 12(b)(6).

New Orleans, Louisiana, this 24th day of October, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE